FILED

MAR 13 2007
Mar 12, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TYRONE WILLIAMS,　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　Petitioner,　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)　Case No. 95-CR-242
vs.　　　　　　　　　　　　　　)　　　　　　04-C-560
　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)　The Honorable Judge
UNITED STATES OF AMERICA,　　 )　Robert W. Gettleman
　　　　　　　　　　　　　　　　)
　　　　Respondent.　　　　　　)
------------------------------/

## MOTION FOR JUDGMENT

**COMES NOW**, Petitioner Tyrone Williams, **pro se**, who respectfully moves this Honorable Court pursuant to Federal Rules of Civil Procedure, Rule 50(a) and/or Rule 52(a) to enter Judgment in the above style case.

## CASE HISTORY

In September 2002, Petitioner submitted his § 2255 Motion to this Court seeking a new trial and/or new sentence. In August of 2004, this Court granted Petitioner leave to Amend his § 2255 Motion in light of <u>BLAKELY v. WASHINGTON</u>. On May 18, 2005, the Government responded to Petitioner's § 2255 Motion and Amendment.

1.

## RELIEF SOUGHT

Since the parties in this case have filed their pleadings and submitted evidence in support this Court has not made any Findings of Fact and Conclusions of Law. Petitioner now asks this Court to Make such Findings of Facts and Conclusions of Law in the present matter.

Petitioner contends that given his specific argument in GROUND ONE that his counsel at his "re-sentencing" ignored his timely and specific instructions before and after his "re-sentencing" to file his direct Appeal is supported by his personal sworn affidavit and was not addressed nor otherwise denied by the Government in their responsive brief, Petitioner contends that this COurt should grant him relief on this claim in the form of an Entry of a New Judgment allowing Petitioner to file his direct appeal, or, this Court should promtly hold an Evidentiary Hearing pursuant to Title 28 U.S.C. § 2255 to resolve any disputes. See <u>Castellanos v. United States</u>, 26 F.3d 717, 719-20 (7th Cir. 1994)(Holding that when a criminal defendant instructs his counsel to file his appeal and counsel fails to do the dfendant has been denied the asisstance of counsel in violation of his SIxth Amendmnet right.)

---

In GROUND TWO of his § 2255 Motion Petitioner argued that based on the Seventh Circuit's decision in United States v. Nance 236 F.3d 820 (2000), which was decided after Petitioner's first direct appeal, in which the Seventh Circuit held that drug type and quantity are elements of separate offense under § 841, that he was entitled to be sentenced to a maximum sentence of 240 months and that the 360 months that he is currently serving in prison runs afoul of Nance, Aprrendi and a host of other ruling holding that if a defendant's indictment only charges him with violating Title 21 U.S.C. § 841(a) his maximum sentence is 20 years or 240 months. Thus, the 360 month sentence that Petitioner is currently serving clearly violates the Seventh Circuit's holding in Nance and several Supreme Court cases on this subject matter as well as Petitioner's Fifth and Sixth Amendment rights.

Petitioner asks that this Court issue a writ and return him to this Court to be sentenced to the maximum 240 month sentence or promptly hold an Evidentiary Hearing on this matter to resolve any disputes. Clearly, had Petitioner's counsel filed his direct appeal he would have prevailed on this claim.
---------------------------------------------------------------

Finally, in the remaining GROUNDS for relief set forth in Petitioner's § 2255 Motion he asked for relief based upon Ineffective Assistance of Counsel during jury trial proceedings and at sentencing for failing to argue Petitioner's specific conduct within the scope of the conspiracy was not determined by the sentencing Court. As to these remaining claims Petitioner asks this Court pursuant ti Title 28 U.S.C. § 2255 to hold an Evidentiary Hearing and resolve any disputes therein.
---------------------------------------------------------------

WHEREFORE, Petitioner prays that this Honorable Court GRANT his request herein and GRANT him the relief he seeks.

Respectfully submitted,

*Tyrone Williams*
Tyrone Williams, Pro se

CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the forgoing has been first class mail on this ____ day of _3-5_____, 2007, to the U.S. Attorney's Office at 219 Dearborn St., Chicago, ILL 60604.

4.